## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 02-93-B-W |
| ) | |
| NEAL RAY COLBY, ) | |
| ) | |
| Defendant ) | |

### ORDER

This matter came before me earlier today for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The defendant appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the defendant for a revocation hearing.

A release hearing was held at the defendant's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, the defendant is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant was sentenced to a term of imprisonment on October 19, 2004 following his conviction in this court for possession of stolen firearms and Hobbs Act robbery. He has a troublesome history of poly-substance abuse. According to the pre-sentence report, when arrested at age 19 on the underlying charges he admitted that he was a daily abuser of marijuana and a regular

user of alcohol. He also stated that he had experimented with Oxycontin, heroin, crack cocaine and cocaine in the past. Upon completion of his original sentence, the defendant entered upon supervised release on conditions that included a requirement that he abstain from the use of any alcoholic beverages, that he not associate with individuals consuming alcoholic beverages and that he not associate with any person convicted of a felony unless granted permission to do so by his probation officer.

It is clear from this hearing record that the defendant continues to use and abuse alcohol and that when he does so trouble often results. Specific incidents include:

- The defendant was drinking alcohol on November 10, 2007 with Alicia Gouzie, a convicted felon and someone with whom he was specifically prohibited from having contact by his supervising probation officer. On that occasion, Gouzie fell over a rail and broke her arm.

- On November 23, 2007 two juvenile females complained to the Penobscot County Sheriff's Office that the defendant had arrived at their residence in Dixmont after midnight, would not leave and had passed out in their back bedroom. When the investigating deputy arrived, he found the defendant naked and asleep in the residence. An intoxilizer test yielded a BAC result of .12.

- In late November 2007 the defendant's mother reported to Probation Officer Ryan Petroff her concern that the defendant was continuing to have contact with Gouzie and that he had not shown up for work on November 30th. She indicated that the defendant admitted to her that he had been drinking with friends on November 29th causing him to miss work on November 30th.

These incidents illustrate not only that the defendant continues to consume alcohol in violation of his conditions of release, but that when he does so he often drinks to excess with the result that his judgment is often impaired in a way that poses a significant risk of danger to the community. The defendant's suggestion that a condition of release that places him on home confinement will adequately address this risk misses the mark. Such a condition, without more, will not reasonably insure that the defendant will not continue to consume alcohol in circumstances that expose the community to danger. No proffer has been made of a proposed suitable third-party custodian, and no such prospect has even been identified. Certainly the defendant's mother would not qualify inasmuch as she has admitted that she has engaged in alcohol consumption with the defendant in circumstances in which I infer that she is well aware of the condition of release that prohibits him from doing so. The government does not contend that the defendant poses a risk of flight. But on this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that the defendant has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 5th day of December, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge